■ NESE PIPITONE et al., Respondents, v JULIAN ZWEIG et al., Defendants, HOSPITAL FOR JOINT DISEASES, Appellant, and M.R. PACHTER, Respondent. (And Three Third-Party Actions.) —Judgment, Supreme Court, New York County (Helen E. Freedman, J.), which to the extent appealed from, upon a jury verdict apportioned liability 90% as against defendant Hospital for Joint Diseases and 10% as against defendant Martin Richard Pachter, M.D., unanimously affirmed, with costs.

In this action for personal injuries, all the parties stipulated to a settlement guaranteeing payment to plaintiffs in the amount of $2,750,000 with a proviso for apportionment should the defendants be unable to do so between themselves. We find that the jury's verdict was not against the weight of the evidence *(Yalkut v City of New York,* 162 AD2d 185). Ample evidence supports a finding that the delay in diagnosing plaintiff's malignancy was for the most part the fault of defendant-appellant's agent in reviewing plaintiff's tissue samples in 1984 and 1986; that defendant-respondent raised a suspicion of malignancy in 1983 although a definitive pathological diagnosis could not then be ascertained even with the

assistance of an expert consultant; and that these suspicions were passed along to plaintiff's then-surgeon. The evidence also supports a finding that appellant's agent failed to raise the possibility of malignancy although its 1984 and 1986 pathology slides provided more indications of malignancy than those reviewed earlier by respondent. No basis exists to disturb the jury's clear rejection of the testimony of appellant's agent, which attempted to excuse any misdiagnosis on the grounds of an incorrect clinical history.

Finally, the trial court did not abuse its discretion in refusing to allow appellant to call plaintiff for the purpose of impeaching the credibility of her surgeon, a nonparty witness, on a collateral matter (see, Halloran v Virginia Chems., 41 NY2d 386, 390). Concur—Rosenberger, J. P., Ellerin, Ross and Kassal, JJ.